# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**YVETTE LYNNA KAHLE,**

     **Plaintiff,**

-vs-               Case No. 6:10-cv-1730-Orl-31GJK

**COMMISSIONER OF SOCIAL SECURITY,**

     **Defendant.**

_____

# REPORT AND RECOMMENDATION

# TO THE UNITED STATES DISTRICT COURT:

  Yvette Lynna Kahle (the "Claimant") appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying Claimant's claim for benefits. *See* Doc. No. 1. On July 12, 2006, Claimant applied for disability benefits, alleging an onset of disability as of November 2, 2005, due to peripheral neuropathy and high blood pressure. R. 244-52, 286, 293-95, 316-18. Claimant also has a significant history of alcohol dependence. R. 362-726. On February 11, 2010, the Administrative Law Judge (the "ALJ") determined that Claimant is not disabled. R. 12-26. After the Appeals Council denied Claimant's request for review, Claimant appealed the Commissioner's final decision to the District Court. R. 1-4; Doc. No. 1.

  On appeal, Claimant argues that the final decision should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) because the ALJ: 1) lack good cause to reject significant portions of Dr. Barber's opinion regarding Claimant's physical limitations; 2) erred

by giving controlling weight to the opinion of a non-examining physician; 3) failed to include all of Claimant's functional limitations in the ALJ's residual functional capacity assessment (the "RFC") and in the hypothetical question to the vocational expert (the "VE"); 4) impermissibly accepted the requirements of certain the jobs described by the VE, which conflict with their corresponding definitions in the Dictionary of Occupational Titles; and 5) failed to consider the side-effects of Claimant's medications on her ability to work. Doc. No. 18 at 2, 8-18. For the reasons more fully discussed below, it is recommended that the Commissioner's decision be **REVERSED and REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) because the ALJ gave insufficient reasons for rejecting portions of Dr. Barber's opinion and, therefore, the final decision is not supported by substantial evidence.**

I.  **BACKGROUND.**

The dispositive issue in this case is whether the ALJ erred by rejecting a portion of Dr. Barber's opinion and, therefore, the Court will tailor the medical and administrative history to that issue. Claimant was born on May 2, 1968, and attended one year of college. R. 69, 244. Claimant has past relevant work experience as a restaurant cashier and waitress. R. 279.

The record does not contain any medical opinion regarding Claimant's functional limitations from a treating physician, but it does contain three such opinions from consultative examining physicians (Drs. Barber (physical), Graham (mental), and Parker (mental)), and the testimony of a non-examining clinical psychologist (Dr. Kronberger). R. 36-63, 465-82, 483-89, 636-43.

A. Dr. Barber.

On May 30, 2007, Claimant was examined by Dr. Alvan Barber. R. 483-89. Dr. Barber is only examining physician to offer an opinion regarding Claimant's physical limitations. Physical examination revealed "[p]ositive upper extremity numbness and tingling in the hands," and "[d]eep tendon reflexes [of] 0 in upper extremities bilaterally." R. 485. However, muscle and grip strength in the upper extremities were normal. R. 485. Numbness and tingling were also present in the lower extremities with abnormal deep tendon reflexes. R. 485. Claimant's fine and gross motor skills were intact. R. 485. Dr. Barber's impressions were as follows:

> 1. Hx. of alcohol abuse, with associated liver pathology, neuropathy and possible other pathologies, with symptoms and sequel as per present medical history;
> 2. [High blood pressure];
> 3. Hepatitis A;
> 4. Anxiety disorder with panic attacks, on medication; [and]
> 5. Depression, not on medication.

R. 486. Dr. Barber opined that:

> Physical examination reveals [C]laimant could be limited in walking and standing for long periods. Claimant could be limited in lifting and carrying heavy objects. Symptoms could limit the [C]laimant to activities that require the use of upper body movements and coordinated activities with hands.

R. 486. Thus, Dr. Barber opined that Claimant's impairments could limit her in walking and standing for long periods, lifting and carrying heavy objections, in activities that require the use of upper body movements, and in coordinated activities with hands. R. 486.

B. Dr. Graham.

On April 19, 2007, Dr. Malcolm J. Graham, III, a clinical psychologist, conducted a consultative mental examination of Claimant. R. 465-68. Mental status examination revealed no

indication of depression or anxious mood, appropriate affect, coherent thought process, proper orientation, and intact memory. R. 466-67. Dr. Graham notes that Claimant continues to work part-time as a waitress. R. 467. Dr. Graham's diagnosed Claimant with the following:

> Axis I: Alcohol dependence, not in remission, Marijuana abuse with a possibility of dependence;
> Axis II: Anti-social personality disorder;
> Axis III: Peripheral neuropathy;
> Axis IV: None;
> GAF Score 70-80.

R. 467. Dr. Graham opined that there "were no problems . . . in attention or concentration and there were no problems noted in recent or remote memory. There were also no behavioral indications of anxiety, depression or of thought disorder." R. 468. Thus, Dr. Graham did not provide any mental functional limitations resulting from Claimant's impairments. R. 467-68.

C. <u>Dr. Parker</u>.

On September 10, 2009, Claimant was examined by Dr. Julie L. Parker, a clinical psychologist. R. 636-43.[1] Dr. Parker conducted a mental status examination, the Wechsler Memory Scale, and the Wechsler Adult Intelligence Scale III. Dr. Parker diagnosed Claimant with the following:

> Axis I: Alcohol dependence, with physiological dependence, early partial remission, and bipolar disorder;
> Axis II: Deferred;
> Axis III: Peripheral Neuropathy, hypertension;
> Axis IV: In residential treatment, history of drug-related incarceration, financial; and
> GAF Score: 50.

R. 640. Dr. Parker opined that:

---

[1] In the decision, the ALJ occasionally refers to Dr. Parker as "Dr. Merilson." R. 22, 25. Although the examination of Claimant and resulting opinion were conducted and prepared by Dr. Parker, Dr. Merilson's name is also on Dr. Parker's letterhead as another doctor in the same practice group. R. 636.

> [Prognosis is] fair. There are no physical or cognitive barriers to activities of daily living and independent living. However, she would assert that the chronic pain from the neuropathy significantly limits her ability to perform some basic care needs. In addition, concentration, persistence, and pace are disrupted by pain symptoms and the effects of medication. Social functioning is adversely affected by mental illness. [Claimant] seems open to receiving any treatment and level of care to address her psycholofical [sic] and substance abuse issues.

R. 640. Thus, Dr. Parker opined that there are no physical or cognitive barriers to Claimant's activities of daily living, but Claimant's concentration, persistence, and pace are disrupted by pain symptoms and the effects of medication. R. 640. Dr. Parker also completed a Medical Source Statement of Ability to Do Work-Related Activities (Mental) wherein she opined that Claimant's ability to understand, remember, and carry out instructions are not affected by her impairments, but that symptoms related to bipolar disorder and substance abuse would affect her ability to interact appropriately with supervisors, co-workers, and the public, as well as responding to changes in routine work settings. R. 641-42.

    D. Dr. Kronberger.

At the hearing before the ALJ on January 20, 2010, Dr. Carlos Kronberger, a clinical psychologist, testified based upon a medical records review. R. 36-63. Dr. Kronberger opined that Claimant should have a Global Assessment of Functioning Score of 55, which is lower than the score provided by Dr. Graham and higher than the score provided by Dr. Parker. R. 42. Dr. Kronberger opined that Claimant does not meet a listing, she can perform simple, routine tasks, and she has marked difficulties maintaining concentration, persistence, and pace if consuming alcohol, and moderate limitations in that area if not consuming alcohol. R. 53-54. Dr. Kronberger testified that such limitations are a factor in reaching his opinion that Claimant can

perform simple, routine tasks. R. 53. Dr. Kronberger disagreed with Dr. Parker's diagnosis of bi-polar disorder because "it's too soon to tell if the [C]laimant is able to maintain sobriety, whether she does have a significant mood disorder." R. 54. Dr. Kronberger agreed with Dr. Graham that Claimant suffers from a personality disorder. R. 55. Dr. Kronberger did not provide a function-by-functional analysis of Claimant's limitations.

## II.  ADMINISTRATIVE PROCEEDINGS.

At the January 20, 2010 hearing, Claimant testified that while she is able to write, it depends on how her hands are doing at the time. R. 69. Claimant stated that the primary reason that she cannot work is that she cannot stand on her feet and "can't hold things in [her] hands" due to the neuropathy. R. 79-80. Claimant stated that she can sit for up to one hour, and can stand for forty-five minutes at a time. R. 85. She sometimes does her own laundry, cooks, and cleans. R. 86-87.

On February 11, 2010, the ALJ issued a decision finding that Claimant is not disabled. R. 15-26. The ALJ made the following significant findings:

1. The [C]laimant meets the insured status requirements of the Social Security Act through June 30, 2012;

2. The [C]laimant has not engaged in substantial gainful activity since November 2, 2005, the alleged onset date;

3. The [C]laimant has the following severe impairments: hypertension, peripheral neuropathy, bipolar disorder, and history of alcoholism;

4. The [C]laimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments;

5. [T]he [C]laimant has the [RFC] to perform unskilled, light work. She can lift/carry 20 pounds occasionally and 10 pounds frequently. She can stand/walk 6 hours and sit 6 hours in an 8-hour workday; however, she must be able to change positions every 30 minutes. She can frequently

stoop, kneel, crouch, and crawl; and occasionally climb and balance. She must avoid hazards and heights. She is limited to simple, routine, repetitive tasks;

6. The [C]laimant is capable of performing her past relevant work as a cashier. This work does not require the performance of work related activities precluded by the [C]laimant's residual functional capacity;

7. [E]ven if the [C]laimant was restricted to sedentary work with the same non-exertional limitations, there are jobs available in significant numbers in the national and regional economy that the [C]laimant could perform; and

8. The [C]laimant has not been under a disability . . . from November 2, 2005 through the date of this decision.

R. 30-37. In his decision, the ALJ thoroughly reviewed the medical record, including the opinion evidence. R. 18-23. The ALJ gives "controlling weight" to Dr. Kronberger's opinion because it "is supported by objective medical findings," and "is consistent with the evidence of record when considered in its entirety." R. 24. Regarding Dr. Barber's opinion, the ALJ gives it "great weight," but states:

> The undersigned notes that Dr. Barber had the opportunity to examine the [C]laimant and that his opinion is someone [sic] consistent with the evidence of record. However, <u>his opinion that the [C]laimant has limitations regarding the use of upper body movements and coordinated activities with her hands is inconsistent with the evidence of record</u>, including medical records and <u>statements/ testimony from the [C]laimant regarding activities of daily living</u>.

R. 24 (emphasis added). Thus, although the ALJ gives Dr. Barber's opinion great weight, he rejects that portion of Dr. Barber's opinion regarding Claimant's upper body limitations. R. 24.[2]

Regarding Dr. Parker, although the ALJ accepted her opinion that Claimant suffers from

---

[2] In the preceding paragraph, ALJ also states that "the record does not contain any opinions from treating or examining physicians indicating that . . . she has limitations greater than those determined in this decision." R. 24.

a severe impairment of bipolar disorder at step-two, he gives her opinion "little weight." *Compare* R. 14 *with* R. 25.[3] The ALJ states that "her opinion is not supported by objective medical findings and it is inconsistent with the evidence of record when considered in its entirety. Furthermore, greater weight is given to the conclusion of Dr. Kronberger who had the opportunity to review the entire medical evidence of record." R. 25.

## III. THE ISSUE.

As mentioned above, the dispositive issue in this case is whether the ALJ erred by rejecting a portion of Dr. Barber's opinion regarding Claimant's upper body limitations. Claimant maintains that the ALJ failed to give "explicit and adequate" reasons for rejecting that portion of Dr. Barber's opinion. Doc. No. 18 at 12-13. Claimant also asserts that the opinion is actually consistent with both the medical record and Claimant's testimony. Doc. No. 18 at 13. Claimant requests that the case be reversed and remanded for further proceedings pursuant to sentence four of Section 405(g). Doc. No. 18 at 18.

The Commissioner maintains that the ALJ articulated good reasons for rejecting his opinion that Claimant has limitations regarding the use of her upper body. Doc. No. 19 at 12. The Commissioner suggests that by stating that the opinion is "'inconsistent with the evidence or [sic] the record, including medical records and statements/testimony from the [C]laimant regarding activities of daily living,'" the ALJ complied with the Eleventh Circuit's requirement that an ALJ give explicit, well articulated reasons for rejecting an opinion. Doc. No. 19 at 12. The Commissioner then provides post hoc details in the record which support the ALJ's finding. Doc. No. 19 at 12-13. The Commissioner requests that the case be affirmed.

---

[3] The Court also notes that while the ALJ gave Dr. Kronberger's opinion controlling weight, he clearly did not accept Dr. Kronberger's opinion that it was too early to determine whether Claimant had bipolar disorder.

## IV. LEGAL STANDARDS.

### A. THE ALJ'S FIVE-STEP DISABILITY ANALYSIS.

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 CFR §§ 404.1520(a), 416.920(a). In *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), the Eleventh Circuit explained the five-step sequential evaluation process as follows:

> In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial gainful activity. At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. At step three, if the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience. If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work. At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

*Id*. (citations omitted). The steps are followed in order. If it is determined that the claimant is not disabled at a step of the evaluation process, the evaluation will not go on to the next step.

### B. THE STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838

(11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord*, *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord*, *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied). The District Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004).

**C.    REMEDIES.**

Congress has empowered the District Court to reverse the decision of the Commissioner without remanding the cause. 42 U.S.C. § 405(g)(Sentence Four). To remand under sentence four, the District Court must either find that the Commissioner's decision applied the incorrect law, fails to provide the court with sufficient reasoning to determine whether the proper law was applied, or is not supported by substantial evidence. *Keeton v. Dep't of Health & Human Serv.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (reversal and remand appropriate where ALJ failed to apply correct law or the ALJ failed to provide sufficient reasoning to determine where proper legal

analysis was conducted) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1146 (11th Cir. 1991); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)); *Jackson v. Chater*, 99 F.3d 1086, 1090-91 (11th Cir. 1996) (remand appropriate where ALJ failed to develop a full and fair record of claimant's RFC); *accord Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for District Court to find claimant disabled).

This Court may reverse the decision of the Commissioner and order an award of disability benefits where the Commissioner has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993); *accord*, *Bowen v. Heckler*, 748 F.2d 629, 631, 636-37 (11th Cir. 1984). A claimant may also be entitled to an immediate award of benefits where the claimant has suffered an injustice, *Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982), or where the ALJ has erred and the record lacks substantial evidence supporting the conclusion of no disability, *Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985). The District Court may remand a case to the Commissioner for a rehearing under sentences four or six of 42 U.S.C. § 405(g); or under both sentences. *Jackson*, 99 F.3d at 1089-92, 1095, 1098. Where the District Court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow the Commissioner to explain the basis for his decision. *Falcon v. Heckler*, 732 F.2d 827, 829 - 30 (11th Cir. 1984) (remand was appropriate to allow ALJ to explain his basis for determining that claimant's depression did not significantly affect her ability to work).[4]

---

[4] On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand ALJ required to consider psychiatric

## V. ANALYSIS.

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of the process for determining disability. The ALJ may reject any medical opinion if the evidence supports a contrary finding. *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1986). Nonetheless, the ALJ must state with particularity the weight given different medical opinions and the reasons therefore, and the failure to do so is reversible error. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987). Without the ALJ stating the specific weight given to different medical opinions and the reasons therefore, it is impossible for a reviewing court to determine whether the ultimate decision is supported by substantial evidence. *See e.g. Hudson v. Heckler*, 755 F.2d 781, 786 (11th Cir. 1985).[5] Absent good cause, the opinions of treating physicians must be accorded substantial or considerable weight. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988).

> Good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir.2004) (citations omitted); *see also Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir.1991); *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir.1986).

*Johnson v. Barnhart*, 138 Fed.Appx. 266, 269 (11th Cir. 2005). "The opinion of a non-examining physician does not establish the good cause necessary to reject the opinion of a treating physician." *Johnson,* 138 Fed.Appx. at 269. Moreover, the opinions of a non-

---

report tendered to Appeals Council); *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (on remand ALJ required to consider the need for orthopedic evaluation). After a sentence-four remand, the District Court enters a final and appealable judgment immediately, and then loses jurisdiction. *Jackson*, 99 F.3d at 1089, 1095.

[5] The Regulations maintain that the administrative law judges "will always give good reasons in [their] . . . decision for the weight [they] give [a] treating source's opinion." 20 C.F.R. § 404.1527(d)(2).

examining physician do not constitute substantial evidence when standing alone. *Spencer ex rel. Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985).

While the opinion of a one-time examining physician may not be entitled to deference, especially when it contradicts the opinion of a treating physician, the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician. *Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985); *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987) (opinions of one-time examiners are not entitled to deference because they are not treating physicians). The opinions or findings of a non-examining physician are entitled to little weight when they contradict the opinions or findings of a treating or examining physician. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988). Moreover, conclusory statements by an ALJ to the effect that an opinion is inconsistent with or not bolstered by the medical record are insufficient to show an ALJ's decision is supported by substantial evidence unless the ALJ articulates factual support for such a conclusion. *See Poplardo v. Astrue*, 2008 WL 68593, *11 (M.D. Fla. Jan. 4, 2008) (failure to specifically articulate evidence contrary to treating doctor's opinion requires remand); *see also Paltan v. Comm'r of Social Sec.*, 2008 WL 1848342, *5 (M.D. Fla. April 22, 2008) ("The ALJ's failure to explain how [the treating doctor's] opinion was 'inconsistent with the medical evidence' renders review impossible and remand is required."). Otherwise, the Court would be left in a situation where it would have to impermissibly reweigh the evidence. *See Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (a reviewing court "may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner.").

In this case, Dr. Barber was the only examining physician to offer an opinion regarding

Claimant's physical limitations. Dr. Barber examined Claimant and found positive numbness and tingling in the upper and lower extremities and poor reflexes. R. 485-486. Based upon his examination, Dr. Barber opined that Claimant's impairments could limit the use of upper body movements and coordinated activities with the hands. R. 486. In rejecting that portion of Dr. Barber's opinion, the ALJ offers only the conclusory statement that Dr. Barber's opinion is "inconsistent with the evidence of record, including medical records and statements/testimony from the [C]laimant regarding activities of daily living." R. 24. The ALJ does not articulate how the opinion is inconsistent the medical record or with which particular statements regarding Claimant's activities of daily living. R. 24.

In *Monte v. Astrue*, Case No. 5:08-cv-101-Oc-GRJ, 2009 WL 210720 at *6 (M.D. Fla. Jan. 28, 2009), the Court held:

> When assessing the Plaintiff's impairments, the ALJ was required to make "specific and well-articulated findings . . ." [b]ecause an ALJ is not permitted to substitute his judgment for that of the medical experts, the ALJ cannot reject portions of a medical opinion without providing an explanation for such a decision. Where an ALJ fails to sufficiently explain how he reached his decision, the Court may not speculate.

*Id*. (quoting *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987)). Therefore, reversal is required where an ALJ fails to sufficiently articulate the reasons supporting his decision to reject portions of a medical opinion while accepting others. In this case, the ALJ failed to sufficiently articulate the reasons supporting his decision to reject portions of Dr. Barber's opinion. *See Poplardo*, 2008 WL 68593 at *11 (failure to specifically articulate evidence contrary to doctor's opinion requires remand); *Paltan*, 2008 WL 1848342 at *5 (failure to explain how opinion was inconsistent with medical evidence requires remand); *Venette v. Apfel*, 14 F.Supp.2d 1307, 1314 (S.D. Fla. 1998) (a claimant's testimony that she can do some housework, light cooking, and

light grocery shopping are minimal daily activities and do not constitute good cause to reject a medical opinion).[6] Accordingly, it is recommended that the final decision is not supported by substantial evidence.

The Court has considered whether the ALJ's error is harmless. Given that there are no opinions from treating physicians, Dr. Barber was the only examining physician to offer an opinion regarding Claimant's physical functional limitations, and that he offered an opinion which, if accepted, would necessarily reduce Claimant's RFC, the Court cannot find that the ALJ's error was harmless.[7]

## VI.  CONCLUSION.

Based on the forgoing, the undersigned recommends that the Court:

1. **REVERSE and REMAND** the final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) because the decision is not supported by substantial evidence;[8] and

2. Direct the Clerk to enter judgment in favor of the Claimant and to close the case.

---

[6] In *Venette*, 14 F.Supp.2d at 1314, the ALJ rejected the "only medical assessment of Plaintiff's physical abilit[ies]" because it was contrary to the "objective evidence" and inconsistent with the claimant's testimony regarding daily activities. *Id*. The Court found that ALJ failed to adequately explain how the opinion was contrary to the objective evidence and that the claimant's testimony regarding daily activities was an insufficient basis to reject the opinion. *Id*. In this case, the Claimant testified that she "can't hold things in [her] hands" due to neuropathy, but she sometimes does her own laundry, cooks, and cleans. R. 79-80, 86-87.  These statements are not obviously inconsistent with Dr. Barber's opinion and her ability to do minimal daily activities, standing alone, is not a sufficient basis to reject the opinion.  *Venette*, 14 F.Supp.2d at 1314.

[7] The Court also notes that the ALJ's opinion is inconsistent because he states that no physician has offered any opinion with limitations greater than those found by the ALJ, but in the following paragraph the ALJ rejects the greater limitations offered by Dr. Barber. R. 24.

[8] Because the undersigned recommends that the Court find that the final decision of the Commissioner is not supported by substantial evidence, it is unnecessary to address the other issues raised by the Claimant.

Failure to file written objections to the proposed findings and recommendations contained in this report within **fourteen (14) days** from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 10, 2012.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this Order to:

Richard A. Culbertson, Esq.
Law Office of Richard A. Culbertson
3200 Corrine Dr.
Orlando, FL    32803

John F. Rudy, III
U.S. Attorney's Office
Suite 3200
400 N. Tampa St.
Tampa, Florida          33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia        30303-8920

The Honorable Patrick F. McLaughlin
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Desoto Building, #400
8880 Freedom Crossing
Jacksonville, Florida   32256-1224